Erastus Miller, Respondent, *v.* Philetus Clark, Appellant.

(General Term, Fourth Department, September, 1871.)

In general, and without proof of any other fact than that he has received and retained in his hands the moneys of his principal, an agent is not liable to be charged with interest upon moneys received and held by him for the use of the principal.

In an action brought to recover a balance of money received, entries made in a memorandum book by a deceased third party (the wife of the plaintiff) were allowed to be given in evidence to prove the fact of the receipt of the moneys by the defendant.—*Held*, error; for which the judgment should be reversed.

Miller *v.* Clark.

APPEAL by defendant from a judgment entered in favor of plaintiff upon the report of a referee.   The action was brought to recover certain moneys had and received by defendant of the plaintiff.   The answer set up a denial and counter-claim.   The fact that the defendant received the moneys as the agent of the plaintiff, appeared by the evidence.   The referee allowed interest upon the amounts recovered by the plaintiff, from the time of their receipt by the defendant to the date of his report, and charged interest against the plaintiff from the time of the disbursement of the amounts received by defendant.

Upon the trial, entries upon a memorandum book of certain payments to defendant, made by plaintiff's wife, were received in evidence against the defendant's objection, and to this admission defendant duly excepted.

Defendant also excepted to the allowance of interest upon the amounts received by him from the plaintiff.

*Frank Hiscock*, for the appellant.

*F. P. Hale*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   The referee has charged the defendant with interest upon all the sums received by him from the plaintiff, from the time they were severally received down to the time of the trial, as though the relation between the parties had been that of debtor and creditor, and nothing else.   The relation between them, in fact and in law, was that of principal and agent, in regard to nearly all the transactions which form the subject of the action.   This appears from the testimony of both parties, and there is no dispute or contradiction in regard to it.   This relation the referee has not noticed in his findings of fact; and it is apparent, both from his findings of fact and conclusions of law, that he has considered and decided the case as though no such relation

Miller *v.* Clark.

had existed, and upon the assumption that the relation was that of debtor and creditor only. The defendant was the plaintiff's agent, and received the money, and property to be converted into money, to pay, lay out and expend in the plaintiff's business. He did, as all the evidence shows, and as the referee must have found in substance, so pay, lay out and expend nearly, if not quite, all the moneys he so received.

An agent receiving the money of his principal to be used and expended in his principal's business, does not, by receiving, keeping and expending it, in the manner contemplated, become the debtor of his principal in any legal sense. He is liable to account for all the funds so received; but as long as he fulfills and performs strictly his duties and obligations to his principal as agent, he is neither debtor to such principal, nor liable to be charged with interest for the moneys which have come to his hands in that capacity.

If an agent mixes the money of his principal with his own and makes use of it, he is liable to pay interest upon it from that time; or if he uses it separately and makes a profit upon it, or puts it to interest while in his hands, the principal is entitled to such profit or interest.

But as a general proposition, an agent is not liable to be charged with interest upon moneys received and held by him for the use of the principal. In order to render him liable for interest, some other fact must be shown in addition to the mere receiving and retaining the money in his hands. (Dunlap's Paley on Agency, 49, 50; *Williams* v. *Storrs*, 6 Johns. Ch., 353.)

The question upon which the right of a principal to charge his agent with interest on the funds in his hands depends, was not litigated before the referee, and there is neither evidence nor finding upon the subject. The charge of interest upon the several amounts from the time they were received by the defendant is without any foundation of fact to uphold it, and is an error of law. The exception to such allowance is, therefore, well taken.

It is claimed, on the part of the plaintiff, that if this allow-

ance was erroneous, it was neutralized and rendered harmless by a similar error against the plaintiff, committed by the referee in charging him with interest on his own money, paid out and expended for his benefit after such payments and expenditures had been made. This does, to a certain extent, neutralize the effect of the error, but not fully. It may turn out, when all the facts are known, that the defendant was not legally chargeable with interest at all, as the plaintiff certainly was not, upon the application of his own money to his own use. In that case, the defendant is injured to the extent of the charges for interest from the time he received the money up to the time it was disbursed by him. The extent of this the court cannot undertake to ascertain upon review, the account being a large one and the items numerous.

There is another error, for which a new trial should be granted also. It appears from the case that the plaintiff was allowed to give in evidence two entries or memoranda, made in a memorandum-book kept by his deceased wife, and in her handwriting, of two different sums of money advanced or handed by her to the defendant. These were offered and received as evidence of money of plaintiff in the defendant's hands. There was other evidence in regard to these two sums having been received by defendant, on both sides; and as the referee decided this was competent evidence, the presumption is that he was influenced by it.

This evidence was wholly incompetent; and the exception to the ruling admitting it, is well taken.

The judgment must therefore be reversed, and a new trial ordered, with costs to abide event.

Judgment reversed.