EVERETT B. SANDERS, Respondent, *v.* THE LAKE SHORE AND
MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

Where interest is allowed, not by virtue of any contract to pay it, but
simply as damages because of default in the discharge of an obligation
the legal rate of interest must govern.

Where, therefore, in an action to require defendant to declare and pay
dividends on certain preferred and guaranteed stock, it appeared that the
dividends were due and payable prior to January 1, 1880, when the act
(Chap. 538, Laws of 1879) fixing the rate of interest at six per cent went
into effect, *held*, that plaintiff was entitled to interest at the rate of
seven per cent up to that date, and six per cent thereafter.

(Submitted December 6, 1883; decided December 14, 1883.)

THIS action was brought to compel defendant to declare dividends upon certain shares of preferred and guaranteed stock issued by a railroad corporation which was consolidated and merged in the corporation defendant, and whose obligations defendant assumed.

The mem. of opinion is as follows:

"We think the evidence sufficient to show plaintiff's title to the dividends awarded to him. Prior adjudications in this court have settled all the questions in this case affecting the general merits. (*Boardman* v. *Lake Shore and Michigan Southern Railway Co.*, 84 N. Y. 157; *Jermain* v. *Same*, 91 id. 483.)

"The court below allowed plaintiff interest on the dividends from the time they were payable to the date of its decision, June 7, 1881, at the rate of seven per cent. The learned counsel for the defendant claims that the interest should have been computed at the legal rate, to-wit, at seven per cent to January 1, 1880, and then at six per cent from that time to January 7, 1881, and we think the claim well founded. This interest was allowed, not by virtue of any contract to pay interest, but simply as damages because the defendant was in default in the discharge of its obligation to the plaintiff, and wrongfully withheld money due him. In such a case, where interest is allowed as damages, it is well settled that the legal rate must govern. (*Bullock* v. *Boyd*, 1 Hoff. Ch. 294; *Bell* v. *Mayor, etc.*, 10 Paige, 49; *Brainard* v. *Jones*, 18 N. Y. 35; *Hamilton* v. *Van Rensselaer*, 43 id. 244; *Ritter* v. *Phillips*, 53 id. 586; *First Nat. B'k* v. *Fourth Nat. B'k*, 89 id. 412; *Wilson* v. *Cobb*, 31 N. J. Eq. [4 Stewart] 91; Southerland on Damages, 581, 666.)

"The judgment should, therefore, be modified by striking therefrom the sum of $24.90 for excess of interest allowed, and as so modified, should be affirmed without costs to either party in this court."

*Edward S. Rapallo* for appellant.

*Birdseye, Cloyd & Bayliss* for respondent.

EARL, J., reads for modification as above, and for affirmance as modified.

All concur.

Judgment accordingly.