Constance B. Price, Respondent, *v.* De Witt C. Holman et al., Executors, etc., et al., Appellants.

Plaintiff commenced an action against her husband, P. and others, claiming in substance that the other defendants gave to P. a bond secured by mortgage for $50,000, of which sum $10,000 belonged to her, it having been delivered to P. upon his agreement that he would hold the mortgage in trust for her for that sum. The relief asked for was that it might be adjudged that plaintiff was the owner of said securities to the extent of $10,000 and interest from their date, and that her rights as such owner be enforced. P. died pending the action and his executors were substituted as defendants. The referee found that $5,000 of plaintiff's money was included in the mortgage, and to that extent P. took and held it as her agent and trustee, and she was entitled to the benefit of the securities for that sum with interest. Before entry of judgment plaintiff moved for leave to file a supplemental complaint, and that the case be referred back to the referee to report what if any payments had been made upon said securities and what interest should be allowed. She alleged payments had been made to P. of principal and interest, on the mortgage including the whole or the greater part of the sum belonging to her which he used and treated as his own, and claimed that he and his estate was by this act and the denial of her rights chargeable with compound interest. The motion was denied. Plaintiff thereupon commenced this action alleging that the mortgagors had paid all of the interest and $17,000 of the principal, but that no part thereof had been received and kept for plaintiff. She asked for an accounting and that compound interest be allowed to her. Judgment was subsequently entered in the first action. The defendants made a motion entitling the papers in both actions for leave to pay into court the amount of said judgment with interest for the benefit of plaintiff, which motion was opposed on the ground that she was entitled to more than simple interest. The motion was granted, the order providing that upon such payment the judgment should be fully discharged and satisfied. The money was paid to the county treasurer as directed and, upon subsequent motion by plaintiff, that officer was directed to pay and did pay over the sum deposited to her and her attorney, who satisfied the judgment. Defendants pleaded in the second action said judgment, its payment and satisfaction as a bar. *Held*, that the matters set forth as a cause of action in the second action were embraced within the issue in the former one; and so, that the judgment was a bar.

It did not appear that P. used the moneys paid to him on the bond for his own purposes, or that he in any way made any profit out of them. *Held*, that plaintiff was entitled only to simple interest; that as plaintiff claimed in the first action more than she was entitled to, P. and his

executors were justified in disputing the claim; that he was not required to pay over to plaintiff her share of the interest or of the principal without demand, and so, in the absence of proof of demand there was no breach of trust which would authorize the compounding of interest as a penalty.

Also, *held*, that in the absence of evidence of bad faith on their part, the fact that the executors appealed from the former judgment, and thus delayed its payment did not render them chargeable with interest on the interest received by them.

A trustee is not chargeable with interest solely because he deposits the trust moneys with his own, or uses them in his business, there must be in addition a breach of trust, a neglect or refusal to invest the fund at the time, or in the manner the trust instrument or the law points out.

(Argued May 26, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 30, 1891, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term, and ordered a new trial.

On the 22d day of November, 1869, the defendants Roessle gave Walter W. Price, the husband of the plaintiff, a mortgage to secure the payment of $50,000. In November, 1873, the plaintiff commenced an action against her husband and the Roessles, and she alleged in her complaint that in November, 1869, the Roessles were indebted to her upon two promissory notes made by them, amounting to $10,000; that on the twenty-second day of the same month the Roessles applied to her husband for a loan of $40,000, to be secured by a mortgage, and he applied to her for the two notes and agreed to take the mortgage for $50,000, and include them therein and to hold the mortgage in trust for her for that sum; that he loaned the $40,000 and surrendered to the Roessles the two notes and took from them the mortgage for $50,000 which remained unpaid; that in October, 1871, Price refused to permit the plaintiff to live in his family any longer and afterward commenced an action against her fraudulently asserting that her marriage with him was void or should be annulled, and that he and the Roessles were doing other things, evincing a

purpose to dispute their indebtedness to her, and to cheat and defraud her out of her rights in the mortgage; that no interest had been paid to her upon her $10,000, and that Price refused to make any provision for her support or for the support of the child born of their marriage, and she prayed judgment as follows: "That it may be adjudged and decreed that plaintiff is the owner of said bond and mortgage to the extent of $10,000, and that that sum and interest thereupon from its date is a lien thereupon in the hands of said Price, and that said Roessles may be adjudged to pay her that portion of the principal, together with the interest, as either or both shall become due from time to time, and that each of the defendants may be restrained and enjoined from doing any act or thing in the premises to the prejudice of any of her rights, and for such other relief as may be just," besides costs. The complaint was unverified and the defendants then served unverified answers denying the allegations of the complaint. That action was referred to a referee and was pending and the trial progressed for several years. Price dièd in June, 1876, and his executors were substituted as defendants in that action. The referee therein made his report April 21, 1881, and he found as facts that the Roessles gave Price their mortgage for $50,000 at the date mentioned in the complaint; that a portion of that sum was cash loaned by Price at the time, and notes against the Roessles surrendered to them; that some time before that date Price held $5,000 of the plaintiff's money as her agent and trustee, and he loaned it to the Roessles and took their note therefor, and that note he surrendered when he took the mortgage and the amount thereof was included in the mortgage, and to that extent he took and held the mortgage as her agent and trustee, and to that extent she became and was interested in the mortgage; that the mortgage after the death of Price came into the possession of his executors, and that no part of the $5,000 principal or interest had been paid to her; and he found as conclusions of law that the $5,000 so secured by the mortgage, with interest thereon from October 15, 1869, was an indebtedness to the plaintiff to the payment of which and

to the benefit of all securities therefor she was entitled; that the mortgage, to the extent of the $5,000 and the interest thereon, was held in trust for her and for her benefit, and that she had a lien thereon for that sum and the interest; that the plaintiff had an interest in and claim upon all moneys in the hands of the executors which they had received as payments on the mortgage, and in and upon all the proceeds from the mortgage or the indebtedness thereby represented that might thereafter come into the hands of the executors to the extent of $5,000 and interest thereon, and that for the purpose of paying and satisfying that sum the plaintiff was entitled to the benefit of all proceedings to enforce the mortgage, and that she was entitled to a judgment in accordance with the findings, and to an injunction.

Before the entry of judgment upon the report of the referee the plaintiff made a motion for an extra allowance of costs, which were granted to her, and afterward also made a motion for leave to file a supplemental complaint, and in case that should be denied that the cause be referred back to the referee to report specifying what, if any, payments had been made upon the bond and mortgage, and what interest ought to be charged in her favor. In her proposed supplemental complaint she alleged that after the commencement of the action the Roessels made payments to Price of principal and interest upon the mortgage, which he used and treated as his own money; that such payments included the whole or the greater part of the sum claimed by her as her money covered by the mortgage; that Price by his denial of her rights in the bond and mortgage, and other conduct, was guilty of a breach of trust, and that in determining the amount to be paid to her, he and his estate should be charged with interest upon the sums so collected, making annual rests in the computation of the same, and she prayed judgment that the executors should account to her for all payments made upon the bond and mortgage, and that it might be determined what sums had been collected and received for her, and that the executors might be charged with interest on such sums, making annual rests, and

that she might have judgment against the executors for the sum found due, and that the mortgage stand as security for the payment of such sum. In opposition to the motion it was shown that upon the trial before the referee it was proved that all the interest on the mortgage and $17,000 of the principal had been paid. The motion was denied. Thereafter on the 22d day of April, 1882, judgment was entered in that action pursuant to the report of the referee. The defendant appealed from that judgment to the General Term, and there the judgment was affirmed February 4, 1884, and then the defendant appealed to this court where the judgment was affirmed in April, 1885*.

In June, 1882, the plaintiff commenced this action and alleged in her complaint that the Roessels had paid $17,000 of the principal of the mortgage, and that all the interest had from time to time been paid to Price and his executors, and that none of the money so received had been kept for the plaintiff, but that the same had been received and kept in disregard of her rights, and mingled with other moneys of Price or his executors, and she prayed judgment, among other things, for an accounting as to the moneys received by Price and his executors, and that interest be computed upon the sums received with annual rests.

After the affirmance in this court of the judgment in the first action, certain attorneys who had acted for the plaintiff gave notice to the defendants of liens claimed by them for costs and counsel fees upon the judgment, and in July, 1885, the defendants made a motion at a Special Term, entitling their papers in both actions, for leave to pay the amount of that judgment, with the interest and costs, into court for the benefit of the plaintiff and others interested therein. The plaintiff opposed the motion on the ground, among others, that she was entitled to more than the interest on the $5,000, and that she was entitled to the interest to be computed as claimed in this action. The court granted the motion by an order made in both actions, which provided, among other

* See *Price* v. *Brown* (98 N. Y. 388).

things, as follows : That the executors might pay the amount
of the judgment, with interest to date of payment into court,
by paying the sum to the county treasurer for the benefit of
the plaintiff and her attorneys having liens thereon ; that upon
such payment the executors, the estate of Price and the mort-
gage should be absolutely released and forever discharged of
and from all liability and all right, title or interest of, in or to
the same whatever on account of the judgment, mortgage and
any claim or any trust or interest therein, and also from the
right to the payment of any money due, or to grow due,
thereon whatever ; that the plaintiff and her attorneys having
such liens should severally and respectively execute under their
hands and seals, acknowledge and deliver a release to the above
effect to the executors on a demand accompanied by proof by
the certificate of the county treasurer that the money has been
paid to him ; that this action should be discontinued ; that it
be referred to a referee named to take proof as to the liens of
the attorneys and report to the court, and that the county
treasurer hold the money deposited with him until the con-
firmation of the referee's report and the further order of the
court.    Pursuant to that order, on the 9th day of September,
1885, the executors paid the money, amounting to $12,984.04,
to the county treasurer, and afterward the plaintiff appealed
from the order to the General Term, and there, on the 18th
day of December, 1885, the order was modified, among other
things, so as to authorize the payment of the money into court,
and providing simply that upon such payment the judgments
should be fully discharged and satisfied, and that the plaintiff
and her attorneys should execute and deliver to the defend-
ants a certificate satisfying and discharging the judgment.
The plaintiff then appealed from portions of the order of the
General Term to this court, omitting, however, to appeal from
that portion of the order which authorized payment of the
moneys into court.    Subsequently, on the 9th day of March,
1886, on the motion of the defendants, the appeal to this court
was dismissed.

On the 8th day of December, 1885, the plaintiff and her

attorneys, having liens on the moneys deposited, gave the county treasurer notice forbidding payment or return of the moneys so deposited, and that each of them claimed several parts thereof. Subsequently, on the 13th day of April, 1886, upon the motion of the plaintiff and her attorneys, an order was made in both actions, at a Special Term, directing the county treasurer to pay out all the moneys so deposited with him by the defendants to the plaintiff and her attorneys; and pursuant to that order, the county treasurer paid the moneys and the plaintiff and her attorneys satisfied and discharged the judgment.

The defendants did not answer the complaint in this action until May, 1886, and then they answered, alleging as a bar to this action, the judgment in the prior action and the payment and satisfaction of that judgment. They also set forth the orders of the Special and General Terms, authorizing the payment of the amount due upon that judgment into court, and the payment of the amount pursuant to the order to the county treasurer, and the proceedings on the part of the plaintiff and her attorneys to obtain the money from the county treasurer, the action being at issue was brought to trial at a Special Term, and judgment was given to the defendants, dismissing the complaint. From that judgment, the plaintiff appealed to the General Term, which reversed the judgment and ordered a new trial. The new trial was had at the Special Term and judgment was again given to the defendants, and the General Term, upon plaintiff's appeal, again reversed the judgment and ordered a new trial.

The other facts appear sufficiently in the opinion.

*A. D. Wait* for appellants. The question of amount to which the plaintiff is entitled is *res adjudicata.* The judgment entered in the former action between the same parties is conclusive. (*Le Guen* v. *Gouverneur*, 1 Johns. Cas. 476; *Bruen* v. *Howe*, 2 Barb. 586; 5 id. 537; 12 id. 184; *Demarest* v. *Doly*, 32 N. Y. 281; *Kingsland* v. *Sparkling*, 3 Barb. 341.) Plaintiff has elected as to her remedy, and is bound by such

election. (*Rodman* v. *Clark*, 46 N. Y. 354; *Steinbach* v. *Ins. Co.*, 77 id. 498.) The complaint shows that both principal and interest have been adjudged to the plaintiff in the former action. She has voluntarily received it and discharged the judgment, and this action can be sustained, if at all, only for an excess, additional rate of interest over and above that included in the judgment. (*Jacot* v. *Emmett*, 11 Paige, 142; Story's Eq. Juris. § 1277.) This was either a claim against the estate necessarily, to be presented to the executors in the ordinary way, or else a claim not against the executors or estate, but against the specific security itself; and plaintiff elected to pursue the security. (Story's Eq. Juris. § 1262.) Where the principal is received, all claim for interest is waived, and the receipt of the principal debt, when interest is only recoverable as damages, is a bar to an action for interest. (*Jacob* v. *Emmett*, 11 Paige, 145; *Swan* v. *Barringer*, 13 Wend. 639; *Johnson* v. *Bramon*, 5 Johns. 267; *Tillotson* v. *Preston*, 3 id. 229; *Cutter* v. *Mayor, etc.*, 92 N. Y. 166.) The plaintiff cannot split up her demand. (*Secor* v. *Sturgis*, 16 N. Y. 554; *Jex* v. *Jacobs*, 19 Hun, 105; *O'Beirne* v. *Lord*, 43 N. Y. 238.) No such action can be maintained without first request to trustees and their refusal. (*W. R. R. Co.* v. *Nolan*, 48 N. Y. 515.)

*James Lansing* for respondent. Walter W. Price, having received in his lifetime $5,000 of plaintiff's money in trust to invest the same, and to pay over the income and profits to her, and having denied the trust and mingled the money received by him with and treated them as his own, while living, he, or his personal representatives after his decease, became liable to account for the profits received, or, as an alternative remedy, by way of penalty, to pay compound interest or interests with annual rests, at the election of the plaintiff. (*Duffy* v. *Duncan*, 35 N. Y. 187–191; *Barker* v. *White*, 58 id. 204–214; 2 Story's Eq. Juris. §§ 1277, 1279; 2 Pom. Eq. Juris. 1063, 1076, 1081; *McKnight* v. *Walsh*, 24 N. J. Eq. 498; *Scheffelin* v. *Stewart*, 1 Johns. Ch. 620; *McLeod* v. *Evans*,

57 Am. Rep. 286; 66 Wis. 401; *Hooley* v. *Gieve*, 9 Abb. [N. C.] 21, 23, 40; *N. Bank* v. *Ins. Co.*, 104 U. S. 54.) The contention of the defendant's executors, that the recovery in the former suit is a bar to the recovery herein, because the recovery sought in the present case was or might have been made in the former suit, is untenable. (*McCullough* v. *Colby*, 4 Bosw. 603; *Watson* v. *Thelow*, 17 Abb. Pr. 184.)

EARL, Ch. J.   The General Term reversed the judgment of the Special Term upon questions of law only, and hence, in our review here, we must take the facts as they have been found so far as there is any evidence to support them. The facts material to the disposition of this case are not much in dispute, and there are at least two grounds upon which, we think, the judgment of the Special Term can stand.

The plaintiff has received the principal of what we will call the trust fund, with the simple interest thereon, and that is all, upon the facts established, to which she was entitled.

We have not a very definite description of the trust created by the plaintiff and her husband. All we know about it is that she placed the sum of $5,000 in his hands for investment for her, and that, with her assent, he invested it in the mortgage for $50,000, and she thus became interested in that mortgage to the extent of the $5,000. Seventeen thousand dollars were paid upon the mortgage in the lifetime of Mr. Price, besides all the interest due thereon. There is no evidence that he took that $17,000 as including her $5,000, or any part thereof. Under his agency to invest, he could treat her $5,000 as still invested in the mortgage, and so all he can be charged with receiving for her is the annual interest on that sum. It does not appear what, under his agency for her, he was to do with the interest, whether he was to reinvest it for her, or pay it over to her, or keep it for her until she called for it. Nor does it appear what he did with the interest as he received it. It does not appear that he used it in his business, or for his own purposes, or that he in any way made any profit out of it. In the absence of proof, we must assume that he, a man of

wealth, had the money, or its equivalent, at all times ready to respond to any call she might make. She was undoubtedly entitled to the interest upon demand, but she never demanded it, although she must have known that it had been received. She commenced her original suit without any demand, and in her unverified complaint alleged an investment for her by her husband of $10,000 in the mortgage. He did her no injustice by disputing and denying her excessive and unjust claim.

But if we assume that, as she owned one-tenth of the mortgage, one-tenth of the $17,000 paid upon the mortgage, to wit, $1,700, was received for her, then what was Mr. Price bound to do with that $1,700? We do not know enough about his agency to say that he was bound to' reinvest it. What trust was there as to that sum? So far as the evidence discloses, he simply became indebted to her for that sum, and liable to pay it to her upon demand. She could have sued him for it, and thus have compelled payment to her with simple interest. It was not paid to him for investment, and it does not appear that he made any profit out of it. If there was any breach of trust, it was simply in not paying it over to her, and for such a breach the simple interest is the general measure of damages, and that she has received. We see no ground for compounding the interest as a penalty, or punishment of Mr. Price for misconduct.

In *Rapalje* v. *Hall* (1 Sandf. Ch. 399), it was held that a trustee is not to pay interest, even simple interest, solely for the reason that he deposits the trust moneys indiscriminately with his own; nor because he makes use of them in his own business; that there must be superadded a breach of trust, a neglect or refusal to invest the fund at the time or in the mode which the trust instrument or the law itself has pointed out. To the same effect is *Jacot* v. *Emmett* (11 Paige, 142).

The law exacts of a trustee fidelity to his trust. If he is guilty of fraud or the mismanagement of the trust fund, or is guilty of a breach of trust, or has used the trust funds for his own purposes and made a profit therefrom, he may be compelled to pay interest, and in extraordinary cases com-

pound interest, so as to place the *cestui que trust* in the same situation as if the trustee had faithfully performed his proper duty. Here all the elements as grounds of liability for interest upon the moneys paid to Price upon the mortgage are wanting.

It is said that he ought to be charged with interest because in his answer interposed to the complaint in the original action, he denied the trust. It does not appear that he ever denied or repudiated the trust before that action was commenced. He simply denied in his answer the alleged trust for $10,000. It is difficult to perceive how that denial, in the absence of fraud in the management of the trust fund and of any breach of the trust, affected his situation or in any degree increased his liability or justly exposed him to any penalty or punishment.

We, therefore, conclude that there was nothing in the facts existing prior to the death of Mr. Price, which entitled the plaintiff, as matter of law, to more interest than he has received; nor is her case any stronger against the executors. They found the original suit pending untried when they assumed their duties as executors. They found a complaint asserting a claim upon the mortgage for $10,000, and an answer interposed by their testator denying it, and they had no personal knowledge of the matter. What could they do under such circumstances? They could not with safety or propriety allow the claim, and they certainly were not bound to allow it. It was their apparent duty to defend the action and obtain the judgment of the court upon the plaintiff's claim, and that judgment was that her just claim was only $5,000, and the interest thereon. It thus turned out that it was their duty to defend the action. While the suit was pending they received the interest upon the mortgage. That interest, prior to September, 1879, they kept with other funds belonging to the estate of their testator, and after that date they deposited all the interest paid upon the mortgage in a separate bank account. They made no use of the interest thus paid and no profit out of it. The plaintiff made no demand of the interest and was

making an excessive claim in her action. What could the executors do except to hold the interest ready for the plaintiff and subject to the final judgment in the pending action? There certainly is no basis for holding the executors liable to pay interest upon the interest thus received by them, and there is absolutely no authority which would sanction such a holding.

But it is said that the executors appealed from the judgment and thus delayed the plaintiff in obtaining the fruits of her judgment, and that, therefore, they should pay her compound interest, or the interest upon the interest received by them. It does not appear that they acted in bad faith or maliciously in bringing the appeal, or even unreasonably. It is true that they were defeated. (98 N. Y. 388.) But there were fair questions for debate upon the appeal, and the executors should not now be punished for bringing the appeal. The mortgage run to their testator and they held it, and hence, during the pendency of the litigation and of the appeal, the interest was paid to them. What could they do but to receive it and hold it until final judgment upon the rights of the parties, or at least until some proper demand was made for it? By bringing the appeal they exposed themselves to the usual penalty, to wit, the payment of the accruing interest upon the judgment and the costs allowed by law. Such interest and the costs are in the law the measure of the injury done to the opposite party by the appeal.

But there is another ground for defeating this action which we think did not receive proper consideration by the learned General Term. The recovery in the first action is a bar to any recovery in this. It is a general principle that the judgment of a court of competent jurisdiction is final as to the subject-matter thereby determined; final not only as to the matter actually determined, but as to every other matter which the parties might have litigated in the action and had determined. The purpose of the rule is to diminish and put an end to strife and contention between litigants, and to spare the courts the labor and vexation of many suits when one

would serve to adjust the entire controversy between the parties. (LeGuen v. Gouverneur, 1 John. Cas. 436, 492; Rice v. King, 7 John. 20; Bruen v. Hone, 2 Barb. 586.)

Here the plaintiff's complaint in the first action was sufficient for the recovery of all the interest she now claims, and the proper parties were before the court for the adjustment of the entire controversy between them. If the $1,700 was in the hands of Mr. Price at the time of his death as plaintiff's money, then she having recovered the simple interest thereon, cannot now maintain this action to recover an additional sum created by compounding the interest. Whatever interest she was entitled to upon that sum should have been recovered in the first action. If she was entitled to interest upon the annual interest received upon the mortgage, why should that not have been adjusted in the first action? She claimed some interest. Why did she not claim it all? The action related to the trust and the trust fund, and the amount of the fund, principal and interest, was in controversy and was to be determined. In that equitable action the court could take and state the account in reference to the fund down to the time of the trial, and could determine what should be done with the interest as it came in after the trial, and could, if needful, render a money judgment against the executors. (Code, § 1207.) It would be contrary to all authority to permit the plaintiff after she has recovered a part of the interest claimed by her to maintain another action to recover more interest, and that too upon substantially the same evidence. It appeared upon the trial of the first action that the $17,000 had been paid upon the mortgage to Mr. Price, and that the annual interest had been paid, and hence it cannot now be claimed that she did not then know the facts upon which she now bases this action. The first adjudication was not affected with fraud or mistake, and there is no ground whatever for the maintenance of this action to rectify that adjudication, or to agitate anew the controversy which the court was then competent forever to put at rest. The doctrine of res adjudicata, properly applied to this case, defeats this action.

We are, therefore, of opinion that the order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.