(4 Misc. Rep. 136.)

In re BARNES.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. ASSIGNEE FOR CREDITORS—LIABILITY FOR INTEREST.

Where an assignee for the benefit of creditors, pending an action to set the assignment aside, keeps money belonging to the assigned estate in his private business account, he is chargeable with interest thereon at 6 per cent., though he does not draw on such account so as to infringe on the trust funds, and there is no evidence that his omission to place the funds at interest for the benefit of the estate was willful or fraudulent.

2. SAME.

In the absence of evidence showing an excuse for a delay in so placing the money at interest, the assignee should be charged with interest from the time the action to set aside the assignment was begun.

3. SAME—LIABILITY FOR TAXABLE COSTS OF ACTION.

An assignee for the benefit of creditors should be charged with the taxable costs of an action to set the assignment aside, received by him or his counsel, when he has already been credited with the reasonable expenses incurred for counsel fees in that action.

Appeal from special term.

In the matter of the final accounting of Frederick E. Barnes, as assignee of Zenos S. Crooker. From an order charging the assignee with interest at 6 per cent. per annum on moneys of the estate remaining in his hands, and with the taxable costs in an action to set aside the assignment, the assignee appeals. Affirmed.

Argued before BISCHOFF, P. J., and PRYOR, J.

Howard Y. Stillman, for appellant.

Winthrop Parker, George H. Culver, Palmer & Boothby, Herman G. Loew, and Marquis D. Curtis, for respondents.

BISCHOFF, P. J. Appellant is the assignee of Zenos C. Crooker, for the benefit of the latter's creditors. On January 8, 1888, an action was instituted against him to have the assignment adjudged void. At this time the assignee had remaining in his hands a balance of assets amounting to $3,000.47. Thereafter he received

other moneys, and made certain payments on behalf of the assigned estate. All the moneys received by him, including the balance above mentioned, were deposited by the assignee to the credit of his personal bank account, kept for the convenience of his business as a real-estate agent; but no interest was derived therefrom, nor does it appear that the assignee's drafts for his business purposes at any time encroached upon the moneys derived from the assigned estate. In April, 1892, the assignee applied for a judicial settlement of his accounts preliminarily to the distribution of the assigned estate. Pending the action to set the assignment aside the distribution was necessarily kept in abeyance, and the assignee admits that during all this time he was aware that interest could be earned by deposit of moneys with the trust companies in the city of New York, and that some time before the assignment to him he had maintained an account with the Real-Estate Trust Company, upon which he was allowed interest at the rate of 2 per cent. per annum, but that notwithstanding he suffered the moneys of the assigned estate to remain in his personal bank account. Upon these facts the referee appointed to take the account charged the assignee with interest at the rate of 2 per cent. per annum on the balance on hand at the time of the commencement of the action to set the assignment aside, from the time of its commencement, and, on the moneys thereafter received, from the time of the receipt, and credited him with interest at the same rate on the sums disbursed, from the time of the disbursement. Exceptions were filed to the referee's report on behalf of the assignee, as well as the creditors; the former contending that he was not chargeable with any interest whatever, and the latter that the charge should have been at the statutory rate. On the hearing of the exceptions the learned judge at special term sustained the contention of counsel for the creditors, and directed that the assignee be charged with interest at the rate of 6 per cent. per annum on the sums and for the periods mentioned, subject to the credit allowed by the referee at the same rate. Therefrom the assignee appeals.

We apprehend the rule to be firmly established that a trustee is, in any event, chargeable with the gains made from the employment of trust funds, be they interest, profits, or otherwise. If he has neglected merely to place the funds at interest when he might reasonably have done so, he is chargeable with simple interest only, not as punishment, but as compensation to those who would ultimately have to bear the loss occasioned by his neglect. But, if the neglect was willful or fraudulent, then he may be charged with compound interest, by way of punishment as well as compensation. Rundle v. Allison, 34 N. Y. 180, 184; Gray v. Thompson, 1 Johns. Ch. 82; Dunscomb v. Dunscomb, Id. 508; Stephens v. Van Buren, 1 Paige, 479; Hasler v. Hasler, 1 Bradf. Sur. 248. The facts before us relieve the assignee from any imputation of willful or fraudulent conduct in the omission to place the funds at interest, but we agree with the learned judge at special term that the assignee's neglect is sufficiently apparent to warrant

a charge of simple interest against him. We think that when the action to set the assignment aside was commenced he could have reasonably apprehended a delay in the distribution of the funds of the assigned estate for a considerable time, at least, and that an ordinarily prudent person, in view of that fact, would have placed his own money at interest with one of the trust companies, subject to the common conveniences of a bank account respecting drafts or withdrawals. We further think that the judge at special term was justified in dating the charge of interest from the time of the commencement of the action to set the assignment aside, in the absence of any excuse for delay. If there were circumstances tending to excuse delay for a reasonable time in depositing the funds with the trust company, it was incumbent upon the assignee to show them. This he has failed to do. Nor can it be said that the assignee has derived no personal advantage from the deposit of the funds of the assigned estate to his personal credit in his business bank account. Interest is not the only advantage which can be derived therefrom. The deposit enhances the personal or business credit of the depositor, and, though this may not be capable of exact measurement by a money standard, it is none the less a personal advantage, and an employment of the funds foreign to the trust. Such were the views of the English court of chancery, and the late court of chancery of this state. "I do not quite agree with the solicitor general," said Lord Chancellor Thurlow, in Re Hilliard, 1 Ves. Jr. 90, "that it is to be concluded that no advantage was made of the money because it was permitted to lie at his banker's, for if it is necessary for a man to keep a sum of money at his banker's, and he makes use of his constituent's money for that purpose, he does make advantage of it." So Sir William Grant, M. R., in Rocke v. Hart, 11 Ves. 58, says:

"I rather agree with Lord Loughborough, that if a trader lodges money at his banker's he has, in effect, a benefit from that. As he must generally keep a balance in his banker's, it answers the purpose of his credit, as if it was his own money, and I should hold that to be employment in his trade."

And Chancellor Kent, in Brown v. Rickets, 4 Johns. Ch. 303, says:

"It is the established doctrine of the court that an executor or other trustee cannot be permitted to convert trust funds to his own use without being responsible for the profits of the money. He is not to make any gain to himself from the use of the funds, but it must all be accounted for to the cestui que trust. So, if an executor or other trustee mingles the trust moneys with his own, so as to answer the purpose of credit, or if he puts the money in jeopardy by involving it in the risk of his trade, he must answer for what it may reasonably be supposed to have made;" and "from the time of Lord Thurlow we find the true doctrine of the court asserted with uniformity and precision, and placed upon the soundest principles of policy and justice;" citing Treves v. Townshend, Loughborough, Ch., 1 Brown, Ch. 384, 1 Cox, 50, and In re Hilliard, Thurlow, Ch., 1 Ves. Jr. 89.

Careful examination of the cases demonstrates that the rule enunciated by Chancellor Kent has not been departed from by the court of chancery or the court of appeals. Rapalje v. Hall, 1 Sandf. Ch. 399, 404; Jacot v. Emmett, 11 Paige, 142; and Price

v. Holman, 135 N. Y. 124, 32 N. E. Rep. 124,—are to the effect, only, that a trustee who mingles the trust funds with his own is not to be charged with interest unless it further appears that interest could have been earned, with the exercise of reasonable care and diligence, which the trustee has omitted. Wilmerding v. Mc-Kesson, 103 N. Y. 329, 340, 8 N. E. Rep. 665, decides no more than that an executor or other trustee who has been guilty of no intentional wrong cannot be charged with more than simple interest.

We also agree with the judge at special term that the rate of interest with which the assignee is chargeable should be 6 per cent. per annum. It may be that where the assignee or other trustee has merely neglected to place trust funds at interest when he might reasonably have done so, and has not used them for purposes of his own, the correct measure of compensation to the cestui que trust is the amount which the funds could or would have earned had the trustee availed himself of the opportunities presented; but, when, as here, the trustee has used the funds for purposes of his own, and foreign to the trust, and the value of such use to him is not capable of exact measurement, there does not appear to be any sufficient ground for imposing a rate less than that recoverable from other debtors, and fixed by statute to prevail, in the absence of an agreement for a lesser rate. Laws 1879, c. 538. The interest is allowed by way of damages, and in such cases the statutory rate will control. Sanders v. Railway Co., 94 N. Y. 641. In Duffy v. Duncan, 35 N. Y. 187, 191, the full legal rate (7 per cent. at the time) was approved; in King v. Talbot, 40 N. Y. 76, it was 6 per cent., (7 per cent. still being the legal rate;) and in Wilmerding v. McKesson, 103 N. Y. 340, 8 N. E. Rep. 665, the court said that the executor was chargeable with no more than 5 per cent., (the legal rate being then 6 per cent.) The report in neither case shows that the question before the court was other than whether any interest whatever should be charged. In Re Myers, 131 N. Y. 409, 30 N. E. Rep. 135, it was, however, explicitly ruled that a delinquent trustee is properly chargeable with interest for the unauthorized use of trust funds at the rate prescribed by statute to prevail, in the absence of an agreement fixing a different rate.

The learned judge at special term also directed that the assignee be charged with $100, the amount received by him for the taxable costs of the action to set the assignment aside. The assignee had been credited with the payment of $2,000 for reasonable expenses incurred for counsel fees in the litigations affecting the assigned estate, and the referee found the services of counsel to have been worth that sum. The costs, therefore, which the assignee received, or to which he was entitled if paid to his attorney or counsel, reimbursed him to the extent of their amount, but were omitted from his account. Under the circumstances the charge directed by the court was proper.

The order appealed from must be affirmed, with costs.