In the Matter of the Estate OF GEORGE J. BRENDEL, Deceased. CLARA E. HEISER and Others, Legatees, Appellants; ANNA BRENDEL, Respondent.

Fourth Department, May 6, 1925.

**Executors and administrators — claim against estate improperly allowed — Appellate Division cannot, on record presented, correct decree — allowance of simple and of compound interest improper — admission by executor accepted by claimant with limitation.**

An examination of the record discloses that there is no legal evidence justifying the allowance of a claim by the surrogate against the estate and the Appellate Division is not able to correct the decision and direct a settlement of the account at any definite amount, in view of the confused and unsatisfactory condition of the record.

It was error to allow compound interest, and in view of the fact that there is no evidence of an agreement to pay interest, it was error to allow simple interest on yearly balances.

A stipulation by the attorney for the executor making certain admissions as to the validity of the claim as charged in the account is not an admission which establishes any part of the claim not so charged; the claimant in accepting the admission accepted it with all its limitations and qualifications.

APPEAL by Clara E. Heiser and others from a decree of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 24th day of June, 1924, allowing the respondent's claim to the amount of $5,719.32.

*Judson, Holley & Andrews* [*George D. Judson* of counsel], for the appellants.

*Frank C. Brendel,* for the respondent.

PER CURIAM:

Upon the final accounting the claimant's claim was allowed by the learned surrogate at $5,719.32. An examination of the record discloses that there is not legal evidence justifying such allowance. The record is in such a confused and unsatisfactory condition that it is impossible for this court to correct the decision and direct a settlement of the account at any definite amount. It is, therefore, necessary to reverse the decree and remit the matter for a new hearing.

As the record now stands it was improper to allow claimant for certain items of her claim prior to the settlement and account stated on February 12, 1910. (1 C. J. 705; *Stenton* v. *Jerome*, 54 N. Y. 480; *Lockwood* v. *Thorne*, 11 id. 170.)

It was also error to allow compound interest. (*Myers* v. *Bolton*, 157 N. Y. 393.)

Under the present condition of the record it was error to allow simple interest on yearly balances. There is no legal evidence of an agreement to pay interest. (*Price* v. *Holman*, 135 N. Y. 124; *Beard* v. *Beard*, 140 id. 260; *Miller* v. *Clark*, 5 Lans. 388.)

The stipulation of the attorney for the executor admitting that the testator received dividends from the Bank of Hamburg and payments from the Hamburg Savings and Loan Association as " charged in the account " is not an admission which establishes any part of the claim not " charged in the account." The claimant, in accepting the admission, accepted it with all of its limitations and qualifications. (*Gildersleeve* v. *Landon*, 73 N. Y. 609; *Grattan* v. *Metropolitan Life Insurance Co.*, 92 id. 274.)

This is upon the assumption that the words " charged in the account " refer to the book account of decedent. The words are claimed by respondent to refer to the account or claim filed by the claimant. It is impossible to determine that question in the present state of the record.

The decree should be reversed and the matter remitted to the Surrogate's Court of Erie county, with costs to the appellants to abide the event.

All concur. Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Decree reversed on the law and facts and matter remitted to the Surrogate's Court for a new hearing, with costs to the appellants to abide the event.