■ In the Matter of the FIFTH INTERMEDIATE ACCOUNTING OF GUARANTY TRUST COMPANY OF NEW YORK, as Substituted Trustee of the Trust Created by ELMER E. SMATHERS, Deceased, Respondent. HARRIET B. MYERS, Appellant; JOSEPH G. SAILE, as Special Guardian, et al., Respondents.— In a proceeding for the judicial settlement of an intermediate account of the substituted trustee of a testamentary trust, an income beneficiary appeals from so much of an order and decree (one paper) of the Surrogate's Court, Westchester County, as adjudges that interest shall not be charged to the trustee upon a certain surcharge and awarded to the income beneficiaries. Order and decree, insofar as appealed from, reversed on the law and the facts, with costs to all parties filing separate briefs, other than respondent Guaranty Trust Company, payable by Guaranty Trust Company, and proceeding remitted to said Surrogate's Court for further proceedings not inconsistent herewith, and for the entry of a decree. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. It was previously determined in this proceeding that respondent trustee was not entitled to retain a total of $67,500 as additional commissions claimed to have been earned from January 1, 1949 to June 30, 1953 under subdivision 7 of section 285-a of the Surrogate's Court Act (*Matter of Smathers,* 309 N. Y. 487), and the trustee has been surcharged therefor in portions of the order and decree under review. Interest should have been allowed on the various amounts of commissions erroneously taken by said trustee which used the funds for its own purposes, there being no denial that its use of the funds resulted in profit to it (see, e.g., *Beard* v. *Beard,* 140 N. Y. 260, 266; *Price* v. *Holman,* 135 N. Y. 124, 133–134). Interest should be computed at the rate of 4% per annum. However, interest shall be computed and charged only in favor of appellant and the infant and incompetent beneficiaries, in proportion to the percentages of the total distribution by which the distribution of said income was diminished by the unlawful withholding of the commissions. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.