## Hancock *vs.* Gomez and others.

An agent, having received money for the use of his principal, is bound to pay it over to him, and has no right to return it to the person from whom he received it.

He cannot dispute the title of his principal, by setting up an adverse title in a stranger.

ON July 26, 1862, at Malaga, Spain, the plaintiff obtained from James H. Hewitt, master of the bark *Reindeer*, belonging to W. A. Sale & Co. of New York, an order on said Sale & Co. for the payment to the plaintiff of $176.33½, balance of wages due one John H. Hanson, as mate of said bark, which order the plaintiff subsequently sent to the defendants, with a direction to Sale & Co. to pay said amount to the defendants, written thereon and signed by the plaintiff, and which the defendants received, and collected of Sale & Co. the amount of money therein mentioned, and gave a receipt therefor, and placed it to the plaintiff's credit, and acknowledged to the plaintiff that they had received it. Some two or three months after said payment to the defendants, a woman calling herself Mrs. John H. Hanson, and claiming to be the widow of said Hanson, came to Sale & Co. and claimed that she was entitled to said money; whereupon William A. Sale, of said firm of Sale & Co., went to the defendants, and they paid the money back to him, and he paid it to her.

Said woman presented no letters of administration, or other evidence of her authority to collect said money, other than her own declarations, and those of a woman with her whom she called her mother. Said William A. Sale had never seen either of these women, until they came and claimed this money. There was no evidence in the case, of the death of said Hanson. Some time in April, 1863, a demand of said sum of money was made of the defendants, on behalf of the plaintiff, and payment thereof refused.

On the foregoing facts, the court directed the jury to find a verdict for the defendants, and the plaintiff appealed from the judgment entered on said verdict.

*J. H. & B. F. Watson,* for the appellant.

I. The defendants received the money in question as the agents of the plaintiff, and therefore had no right to set up the adverse title of a third party thereto; and their payment thereof to Sale & Co. amounted to a conversion thereof. (*Story on Agency,* § 217. *Story on Bailm.* § 110. *Holl* v. *Griffin,* 10 *Bing.* 246. *Harman* v. *Anderson,* 2 *Camp.* 243. *Stonard* v. *Dunkin, Id.* 344. *Dixon* v. *Hamond,* 2 *B. & Ald.* 310. *Gosling* v. *Birnie,* 7 *Bing.* 339. *White* v. *Bartlett,* 9 *id.* 378. *Roberts* v. *Ogilby,* 9 *Price,* 269. *Hardman* v. *Willcock,* 9 *Bing.* 378, *n. Kieran* v. *Sandars,* 6 *Ad. & El.* 515. *Hawes* v. *Watson,* 2 *Barn. & Cress.* 540. *Paley on Agency, by Lloyd,* 80, 81. *Id.* 53. *Smith Comp. Merc. Law,* ch. 5, *p.* 94, § 2, 3d ed., 1843. *Holbrook* v. *Wight,* 24 *Wend.* 169. *Ross* v. *Curtiss,* 31 *N. Y.* 606. *Murray* v. *Vanderbilt,* 39 *Barb.* 140. *Merritt* v. *Millard,* 10 *Bosw.* 309.) The only exception is when the principal has obtained the property fraudulently or tortiously from such third person, (*Hardman* v. *Willcock,* 9 *Bing.* 378, *n; Taylor* v. *Plumer,* 3 *M. & Selw.* 562;) and that is not shown, or attempted to be shown, in this case. The person by whom the money was claimed in this case, and to whom it was paid by Sale

& Co., after they received it back from the defendants, showed no authority whatever to receive it. There is no evidence whatever that she was the widow of Hanson, and it was not even shown that Hanson was dead. Again; even assuming that she was the widow of Hanson, yet there is no evidence that she was authorized to administer on his estate. She produced no letters of administration; consequently her right could not have been superior or equal to that of the plaintiff, who was in the constructive possession. At common law, the real estate of an intestate goes to his heirs; the personal to his administrators. (*Coke* 2 *Inst.* 398. 1 *Bouv. Law Dic. p.* 83, *Administration.* 2 *Black. Com.* 494. 1 *Williams' Ex.* 330.) She could not have sued to recover this money. (*Dayton on Surrogates*, 251–253.)

*Beebe, Deane & Donohue*, for the respondents

*By the Court*, CARDOZO, J. The money for which this action was brought was collected by Gomez, Wallis & Co., by authority of, and as agents for, the plaintiff, and they acknowledged that they had so collected it, both by their accounts rendered, and by their letter to the plaintiff of October 7, 1862. Having so received the money, they had no right to return it to Sale & Co. They cannot dispute the title of their principal, by setting up an adverse title in a stranger. (*Murray* v. *Vanderbilt*, 39 *Barb.* 140. *Ross* v. *Curtiss*, 31 *N. Y.* 606.)

The ruling below was therefore erroneous, and the judgment should be reversed and a new trial ordered; costs to abide the event.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]