### GRINNELL et al. v. SHERMAN.

#### (Supreme Court, General Term, First Department. May 15, 1891.)

ATTORNEY AND CLIENT—ACTION FOR MONEY COLLECTED BY ATTORNEY.

    A complaint alleged that plaintiffs appointed defendant their attorney at law and in fact, to recover certain moneys due to the estate of which plaintiffs were the executors; that he accepted the appointment, and collected the money, which he wrongfully refused to pay over, though requested to do so by plaintiffs. There was no charge that defendant fraudulently embezzled, misapplied, or converted the money. *Held*, that the complaint was sufficient, and it was not necessary to prove such fraudulent embezzlement, etc., under Code Civil Proc. N. Y. § 549, subd. 4, which provides that, "where such allegation is made, the plaintiff cannot recover, unless he proves the same on the trial of the action."

Appeal from circuit court, New York county.

Action by Irving Grinnell and George S. Bowdoin, as executors of the last will and testament of Moses H. Grinnell, deceased, against Roger M. Sherman. The cause of action is stated in the complaint as follows: "Irving Grinnell and George S. Bowdoin, as executors of the last will and testament of Moses H. Grinnell, deceased, the plaintiffs in this action, by Evarts, Choate & Beaman, their attorneys, complain of Roger M. Sherman, the defendant therein, and allege as follows, upon information and belief: *First.* That heretofore, and on or about the 24th day of November, 1877, the said Moses H. Grinnell died at the city of New York, leaving a last will and testament, which was afterwards and on the 1st day of December, 1877, duly admitted to probate by the surrogate of the county of New York, to whom jurisdiction in that behalf appertained, and letters testamentary thereupon were,

upon the day and date last above mentioned, issued by the said surrogate to the plaintiffs herein, as executors of the said last will and testament, and that said letters testamentary have ever since continued and are now in full force and effect. *Second.* That the said Moses H. Grinnell, deceased, was collector of customs for the district of the city of New York for a term beginning on or about the first day of April, 1869, and ending on or about the 20th day of July, 1870. During said term sums of money became due to the said Moses H. Grinnell, as such collector of customs, from the United States of America, and thereafter, and on or about the 10th day of April, 1883, the plaintiffs herein, by an instrument in writing, duly executed and delivered to the defendant herein, who was then and now is an attorney at law of this court, did make, constitute, and appoint him their true and lawful attorney at law and in fact, in their name, place, and stead, to recover said moneys belonging and accruing to the said Moses H. Grinnell and his estate, and the defendant accepted the said instrument and the said appointment as such attorney, and thereupon became the attorney for the plaintiffs as aforesaid. *Third.* That afterwards, and on or about the 10th day of April, 1883, the defendant, in the course of his employment as attorney for the plaintiffs as aforesaid, received and collected from the said United States of America the sum of $245; that the defendant thereupon became accountable to the plaintiffs for the said sum of money so received, and bound to pay the same to the plaintiffs, without unnecessary delay; that on or about the 1st day of June, 1885, the plaintiffs duly requested the defendant to pay the same to them, but that the defendant wrongfully refused to pay the same as requested, and has not paid the same, nor any part thereof. Wherefore the plaintiffs demand judgment," etc. There was a judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Joseph A. Thompson,* for appellant. *Evarts, Choate & Beaman,* (*Henry W. Hardon* and *Treadwell Cleveland,* of counsel,) for respondents.

DANIELS, J. The judgment has been entered, upon the decision of the justice presiding at the trial, for the recovery of the sum of $245, and interest thereon from the 10th of April, 1883, and the costs of the action. The defendant challenges the correctness of this recovery on various grounds, which will be examined, so far as that appears to be necessary for the determination of the appeal. The complaint charges that the plaintiffs, by an instrument in writing, appointed the defendant as their attorney in law and fact, to recover moneys from the United States belonging and accruing to Moses H. Grinnell and his estate, of which they were the executors, and that he accepted such appointment, and afterwards collected this sum of money, which, upon being requested by them to pay, he wrongfully refused to pay, and has not paid, nor any part thereof. There was no charge that the money had been fraudulently embezzled or misapplied or converted by the defendant; and the omission to make proof to that effect did not avoid the right of the plaintiffs to maintain the action, under anything contained in section 549 of the Code of Civil Procedure. As the cause of action was alleged, all that was required to sustain it was that the defendant had been employed in the manner averred, and had collected the money, and refused on demand to pay it over, and the proof tended to maintain each of these facts. It was within the scope of the complaint, and free from all substantial variance with it. The answer denied that the defendant received the money, or was employed by the plaintiffs to receive it, as their attorney at law. That he was employed as their attorney in fact, and received the money in that capacity, was not denied, and consequently stood admitted upon the pleadings. The evidence also tended directly to prove that he did act as the attorney for the plaintiffs, and received this money from the collector of customs at the city

of New York. This evidence consisted of a copy of a receipt, certified under the seal of the treasury department of the United States, acknowledging the receipt of this sum of money in April, 1883; and it was subscribed with the name of the defendant as attorney for the plaintiffs, as executors of this estate. This copy was not objected to for want of proof that the defendant had subscribed the original, nor for want of any authority of the treasury department to certify it, and in that manner entitle it to be received in evidence. But the objections were that the paper purports to be only part of a transaction by the secretary of the treasury for which he has a special, limited, statutory power, without any proof of his jurisdictional power, and without any proof of what he did, or what the nature was of the award made; also that it appears on the face of the paper that the award is in conflict with the act of June 22, 1874; also that the complaint is drawn under section 549 of the Code of Civil Procedure against defendant as an attorney at law; that it is a failure of proof not to prove it; and the paper purports to show that the defendant acted as an attorney in fact in the premises, and not as an attorney at law. These objections were overruled, and the copy was allowed to be read, to which the defendant excepted. But there is clearly no merit in this exception, for the receipt was complete in and of itself, and not dependent upon, or a part of, any other instrument, and directly tended to prove that the defendant had in fact collected the money. For that object, and which was its principal purpose, it tended to make out the case, and also from the manner in which it was subscribed, that, in receiving the money, he did so as the attorney or agent of the plaintiffs.

A demand of the money was a necessary fact, as part of the plaintiffs' case. *Rathbun* v. *Ingals*, 7 Wend. 320; *Southwick* v. *Bank*, 84 N. Y; 420, 433, 434. And the evidence given by the witness Anthony was proof of the making of that demand, from which the fact very well could be as it was found by the court; and its effect was not changed by combining with it the further sum included in another action. *Zimmerman* v. *Erhard*, 83 N. Y. 74, 78. At that time the right of action accrued, and there was no evidence that it accrued before then, and, as the action was brought within six years after that demand, it was within the time prescribed by the statute. There was no evidence that the plaintiffs knew that the defendant had received the money before that time, and the statute of limitations did not previous thereto begin to run. Code Civil Proc. § 410, subd. 1. The defendant proved that an action had been prosecuted and maintained by the plaintiffs against him in the city court of the city of New York, for the sum of $1,778.95, and upon which he relied as a bar to this action. But that appears to have been a separate and distinct collection from that forming the cause of action in this suit. It was money collected from the treasurer of the United States in May, 1885, upwards of two years after the collection of the money now in controversy; and for the recovery of each sum a separate right of action vested in the plaintiffs. *McIntosh* v. *Lown*, 49 Barb. 550, 557; *Zimmerman* v. *Erhard*, 83 N. Y. 74, 78. The recovery in that action was therefore no defense to this suit.

It did not appear by proof that any law of the United States had been violated in employing the defendant to receive this money, or in its collection by him. There was some reason for believing that the testator, as United States collector, had been deprived of his right to it, as a part of the forfeiture from which it proceeded. But the treasury department, from the fact of its payment, appears to have become satisfied that this was not its condition, and therefore, paid the money to the defendant; and it is to be presumed, in the condition in which the proof was left at the trial, that it was lawfully so paid. But, if the fact had been as it was alleged by the defendant, it would be unavailable to him; for after he collected the money, in the course of his employment by the plaintiffs, he could not legally resist their right to recover

it from him by alleging that they had no lawful right to it.   *Ross* v. *Curtiss*, 31 N. Y. 606; *Hancock* v. *Gomez*, 58 Barb. 490.   If he had been called upon to return the money for the reason that it had been unlawfully received, the case would have been different.   But, as long as the treasury department in no manner questioned the legality of the payment, the defendant could not resist the action by asserting it to have been without authority, and therefore he should be permitted to appropriate to himself the amount he had received.   The charge of interest sustained by the judgment from the time when the money was received has also been brought in question by the appeal.   But the defendant received the money for the plaintiffs, and when it came into his hands he became charged with the duty to pay it over.   He failed to perform that duty, and for that failure subjected himself to this liability.   It was the further fact which in *Miller* v. *Clark*, 5 Lans. 388, 390, it was intimated would be attended with that effect; and it was so held in the later case of *Bonn* v. *Steiger*, 2 N. Y. St. Rep. 90; and to the like effect in Story, Ag. (4th Ed.) § 221; and neither of the cases of *Cockroft* v. *Muller*, 71 N. Y. 367; *Gustine* v. *Stoddard*, 23 Hun, 99; *Mygatt* v. *Wilcox*, 45 N. Y. 306; or *Bathgate* v. *Haskin*, 59 N. Y. 533,—contains any observation which would relieve the defendant from the payment of this interest.

Exceptions were taken to the refusal of the court to find as proved certain requests presented by the defendant; but, as they were not of such a character as to change the result, even if they had been found, the defendant was not injured by these refusals.   The facts which were found, and were sufficiently proved, fully and completely disclosed the defendant's liability, and nothing transpired relieving him from that result.   The judgment should therefore be affirmed, with costs.