144 U.S. 198
 12 S.Ct. 574
 36 L.Ed. 403
 SHERMAN
v.
GRINNELL et al.
 April 4, 1892.
 
 STATEMENT BY MR. CHIEF JUSTICE FULLER.
 This was an action brought by the executors of the estate of Moses H. Grinnell, deceased, formerly collector of the port of New York, in the city court of New York, against Roger M. Sherman, to recover the sum of $1,778.95 collected from the United States for plaintiffs' testator by defendant as his attorney.
 An award by the secretary of the treasury in favor of Mr. Grinnell for the sum in question, made May 2, 1885, was offered in evidence on the trial, to which the defendant objected on the ground that the jurisdiction of the secretary of the treasury to make the award had not been shown, and that it appeared affirmatively on the face of the award that the secretary had no power to make it. This objection was overruled, and exception taken. Plaintiffs also put in evidence a copy, certified under the seal of the collector of customs for the port of New York, of a paper whereby Roger M. Sherman receipted to the collector for the sum in question as attorney for the executors of Mr. Grinnell. Defendant objected to the admission of this receipt in evidence on the ground that the certification was insufficient, and also that the receipt purported to be part of the proceedings in the treasury matter, in respect of which no proof had been offered of the jurisdiction of the secretary. The objection was overruled, and exception taken.
 The court made findings of fact and conclusions of law, and among other things found that the defendant, as attorney for the executors, received the sum of $1,778.95 from the treasurer of the United States on or about May 9, 1885. On June 1, 1885, the executors make demand upon Sherman for the money, which he refused to pay over, alleging that since the award the matter had been reopened by the secretary, and was still in debate, and evidence was offered on his behalf tending to show this, and that the matter of the award had been sent to the court of claims.
 The city court held that the defendant was estopped from denying his clients' title after having collected the money for them, and gave judgment for the amount claimed, with interest, costs, etc., whereupon the defendant took the case by appeal to the general term of the court, by which the judgment was affirmed.
 It was said in the opinion of the general term, delivered by HALL, J.: 'Defendant seeks to justify his refusal to pay over by the claim that since the money was paid over to him the matters out of which it arose or accrued have been reopened by the government, and referred to the court of claims, and he fears that, in case the award should be revoked, he may be compelled to repay the money to the government. Defendant's relations with plaintiffs were simply as attorney at law, and in fact the money was paid by the government to them, not to him. He was a mere conduit through which it passed. His receipt was their act, not his own; his acts were their acts, and binding upon them. The money was theirs, not his, and he should have paid it over immediately upon its receipt. Any claim which the government may have, now or hereafter, will be against plaintiffs, not against defendant. The plaintiffs are estopped from claiming in any future proceeding that they have not received the money, as it has been paid to the person authorized by them to receive it. It does not lie with defendant to assert that the money was wrongfully paid over; he made and maintained the claim, and the money was recovered as the result of his efforts. I have carefully examined the elaborate and ingenious brief of defendant, and the numerous authorities cited, but I fail to discover their applicability to the facts of this case. No new title, adverse or superior to plaintiffs', is asserted in this case. No demand has been made upon defendant to deliver the money over or to withhold it from the plaintiffs, and no step contemplating or looking towards a disturbance of plaintiffs' title was taken until long after the money was demanded and should have been paid over. It would seem almost preposterous to assert that plaintiffs are bound to allow their money to lie in the hands of their attorney until the initiation and conclusion of some imaginary proceeding in behalf of the government. The defendant stands in no different position from any other custodian of plaintiffs' money; it has been paid legally to them, and they have the right to control it. Defendant seems to be much more tender of the interests of the United States than its officers are. No claim has been made upon him by the government; no notice has been given to him not to pay over to his clients; and yet he seeks to hold the money for an indefinite time, until some one does made a demand upon him; but his first duty is to his clients.'
 Defendant thereupon carried the case by appeal to the general term of the court of common pleas for the city and county of New York, and the judgment was again affirmed. 14 N. Y. Supp. 544. The record having been remitted to the city court, the judgment of affirmance was made the judgment of that court, and a writ of error was then sued out from this court.
 Errors were assigned here to the effect, as stated in the brief of plaintiff in error, that he specially claimed immunity from this suit, because the subject of the suit was money of the United States improperly paid from the treasury by mistake and contrary to law, in which these plaintiffs have no right, title, or interest; because the secretary of the treasury had, before suit commenced, set aside and vacated his award of said money; because defendant is a trustee for the United States in respect to said money; and because no valid agency existed or could exist, by force of the statutes of the United States, to collect, receive, or pay over said money, under the circumstances; and that said claim was improperly overruled. Also that he was improperly held to be estopped from asserting these matters; and that the receipt certified by the collector was improperly received in evidence, because the certification was not by the head or acting chief officer for the time being of a department of the government of the United States. The admission of the award in evidence was also questioned.
 
 Roger M. Sherman, in pro. per.
 
 Treadwell Cleveland, for defendants in error.
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 There was no federal question involved in the decision of the city court that the defendant was estopped from showing that the moneys in question were paid out of the United States treasury under a mistake of fact, that the secretary had vacated the award, or that no valid agency existed by force of the statutes of the United States to collect and pay over these moneys.
 
 
 2
 The court did not pass upon the validity of any statute of or authority exercised under the United States, nor decide against any title, right, privilege, or immunity specially set up or claimed by the defendant for himself under any statute of, or commission held, or authority exercised under, the United States. What he undertook to set up was a claim to the funds made by the United States, and in respect to that his contention was that the question of the award had been opened, and that the matter had been referred to the court of claims.
 
 
 3
 The court simply decided that he could not deny his clients' title after having collected the money for them, and he assigned as error that the court held that he was so estopped. The ground upon which the judgment rested was broad enough to sustain it without deciding any federal question, if there were any in the case. As to the admission of the award and of the receipt in evidence, the rulings involved the application either of the general or the local law of evidence, and as such furnish no ground for our interposition. New Orleans v. New Orleans Water-Works Co., 142 U. S. 79, 12 Sup. Ct. Rep. 142; Hammond v. Johnston, 142 U. S. 73, 12 Sup. Ct. Rep. 141.
 
 
 4
 The writ of error is dismissed.