ROGER M. SHERMAN, Appellant, *v.* IRVING GRINNELL, GEORGE
S. BOWDOIN, TREADWELL CLEVELAND and HENRY W. HAR-
DON, Respondents.

1. REGULARITY OF STATE COURT JUDGMENT — FEDERAL QUESTION.
The regularity of a judgment rendered by a state court is not open to
question on the ground that the cause of action is upon its face against
public policy as in violation of a Federal statute, where the Supreme
Court of the United States has decided that no Federal question was
involved in the judgment.

2. JUDGMENT AGAINST ATTORNEY FOR CONVERSION — EXECUTION
AGAINST PERSON — ORDER OF ARREST NOT A CONDITION PRECEDENT.
An action against an attorney on a complaint charging him with the con-
version of money collected for the plaintiffs as his clients, and in which
it was found by the trial court as a conclusion of law that the defendant
converted the money, is an action of a nature giving a right to arrest the
defendant, under section 549 of the Code of Civil Procedure, as amended
in 1886; and, by force of section 1487, a money judgment recovered in
such action authorizes the issuing of an execution against the person of
the defendant, without the previous granting of an order of arrest.

3. ACTION FOR FALSE IMPRISONMENT UNDER SECOND EXECUTION
AGAINST PERSON — QUESTION OF SATISFACTION OF FIRST EXECUTION.
In an action for damages for alleged false imprisonment under a second
execution against the person, the fact of the plaintiff's arrest under the
first execution does not raise the presumption that he remained on the lim-
its and was duly discharged at the end of six months, by virtue of section

111 of the Code of Civil Procedure, thereby rendering the second execution irregular, where the defendants show that on the day the plaintiff claims to have been arrested under the first execution he obtained an order to show cause why the execution should not be set aside and proceeding thereunder stayed, and that while the motion to set aside was denied the sheriff rested under the stay through inadvertence.

4. RES ADJUDICATA — REGULARITY OF EXECUTIONS AGAINST PERSON. Where executions against the person have been declared regular by the court having jurisdiction, by orders upon motions to set aside and to restrain issuance, such orders are binding, on appeal, upon the plaintiff in an action to recover damages for alleged false imprisonment under the executions.

*Sherman* v. *Grinnell*, 87 Hun, 621, affirmed.

(Argued March 23, 1899; decided April 18, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the first judicial department, entered July 2, 1895, affirming a judgment entered upon a verdict directed for the defendants.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Roger M. Sherman* and *Joseph A. Thompson* for appellant. The doctrine of *res adjudicata* does not extend to process not expressly awarded by the judgment. (Bigelow on Estoppel [5th ed.], 102, 103; *Goodwin* v. *Griffis*, 88 N. Y. 640.) An inquiry whether process is justified by judgment goes to the extent whether it rests upon any cause of action whatever. (*Brownsville* v. *Loague*, 129 U. S. 493; *Wisconsin* v. *P. Ins. Co.*, 127 U. S. 265; *Coffin* v. *Reynolds*, 37 N. Y. 641; *Van Alstyne* v. *Freday*, 41 N. Y. 178; *Jewett* v. *I. L. Co.*, 67 N. W. Rep. 639; *Griffith* v. *Hubbard*, 67 N. W. Rep. 850.) The complaint in the City Court alleged a contract, asserted as creating the rights of the parties, which was in violation of statutes, against public policy and void. (U. S. R. S. § 5440; *U. S.* v. *Morris*, 10 Wheat. 304; *Confiscation Cases*, 7 Wall. 454; 25,000 *Gallons Spirits*, 1 Ben. 307; *U. S.* v. *Conner*, 138 U. S. 61.) No court of justice has jurisdiction over the subject-matter to enforce it of a contract against public policy or in violation of a

statute. (*M. L. Ins. Co.* v. *Corey*, 135 N. Y. 334; *Dunham* v. *Reilly*, 110 N. Y. 373; Smith on Mer. Law [10th Eng. ed.], 177–179; Story on Agency, §§ 238, 344; *Coppell* v. *Hall*, 7 Wall. 547; *P. C. Co.* v. *Trans. Co.*, 171 U. S. 150–152; *B. G. L. Co.* v. *Claffy*, 151 N. Y. 36; *Goodrich* v. *Houghton*, 134 N. Y. 116; *Leonard* v. *Poole*, 114 N. Y. 371; *Hooker* v. *Vandewater*, 4 Den. 352; *Railway Co.* v. *Railway Co.*, 41 La. Ann. 983; *M. R. C. Co.* v. *B. C. Co.*, 68 Penn. St. 188; *Oscanyan* v. *Arms Co.*, 103 U. S. 267; *Gibbs* v. *B. G. Co.*, 130 U. S. 396; *C. T. Co.* v. *P. C. Co.*, 139 U. S. 61; *C., M., etc., R. Co.* v. *W., etc., R. Co.*, 61 Fed. Rep. 998; *Steamship Co.* v. *Joliffe*, 2 Wall. 466; Story on Cont. 21; *Ferguson* v. *Carryher*, 3 B. & C. 59; *Campbell* v. *Fleming*, 1 Ad. & El. 40; *Robb* v. *Connolly*, 111 U. S. 637; *Whiteside* v. *U. S.*, 93 U. S. 257; *Steele* v. *U. S.*, 113 U. S. 134; *Carr* v. *U. S.*, 98 U. S. 438; *Railway Co.* v. *Swan*, 111 U. S. 387; *Mayor* v. *Cooper*, 6 Wall. 250; *U. S.* v. *Walker*, 109 U. S. 266; *Tiffany* v. *Boatman's Inst.*, 18 Wall. 385.) No cause of action was stated in the City Court complaint for conversion. (*Walter* v. *Bennett*, 16 N. Y. 253; *S. S. Nat. Bank* v. *Wheeler*, 48 N. Y. 494; *Fulton* v. *Fulton*, 48 Barb. 581; *Garland* v. *Davis*, 4 How. [U. S.] 144; *Segelken* v. *Meyer*, 94 N. Y. 484; *Robbins* v. *Falconer*, 11 J. & S. 371; *Cohn* v. *Beckhardt*, 63 Hun, 334; *Farrelly* v. *Hubbard*, 84 Hun, 391.) If the money was received in a fiduciary capacity an order of arrest was an essential prerequisite to any execution against the person. (Code Civ. Pro. § 1487, subd. 2; *Segelken* v. *Meyer*, 94 N. Y. 485; *Cohn* v. *Beckhardt*, 63 Hun, 335; *Farrelly* v. *Hubbard*, 84 Hun, 391; *Wood* v. *Henry*, 40 N. Y. 124; *Æ. Ins. Co.* v. *Shuler*, 28 Hun, 340; *Smith* v. *Duffy*, 37 Hun, 508; *Chapin* v. *Foster*, 101 N. Y. 3.) In no view was the money received in a fiduciary capacity within the meaning of the Code. (*P. C. Co.* v. *Trans. Co.*, 171 U. S. 150; Brice's Ultra Vires [2d ed.], 762; *Hennequin* v. *Clews*, 77 N. Y. 430; *Noble* v. *Hammond*, 129 U. S. 68; *Cronan* v. *Cutting*, 104 Mass. 245.) The contract of November 1, 1888, was an estoppel to the issuance of the execution.

(*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205 ; *N. E. I. Co.* v. *G. E. R. R. Co.*, 91 N. Y. 165 ; *Jones* v. *Kent*, 80 N. Y. 588 ; *Booth* v. *C. R. M. Co.*, 74 N. Y. 15 ; *Haywood* v. *Bennett*, 3 C. B. 417 ; 2 Add. on Cont. ch. 1 ; *Whittle* v. *Frankland*, 31 L. J. M. Cas. 81 ; *Tel. Co.* v. *McLean*, L. R. [8 Ch. App.] 662.) The burden of proof was on defendants to justify the arrest. (*Archer* v. *Champneys*, 1 B. & B. 289 ; *Bassett* v. *Porter*, 10 Metc. 420.) It was error to admit the judgment as a justification. It was not pleaded as such. In such an action the justification must be specially pleaded. Otherwise, it goes only to the amount of damages. (*Brown* v. *Chadsey*, 39 Barb. 263 ; *Coats* v. *Darby*, 2 N. Y. 519 ; *Newberry* v. *Lee*, 3 Hill, 525 ; *Root* v. *Chandler*, 10 Wend. 110 ; *Van Buskirk* v. *Irving*, 7 Cow. 35 ; *Bean* v. *Beckwith*, 18 Wall. 515 ; Bigelow on Estoppel [5th ed.], 699.) It was essential to justify by a judgment to which the execution was responsive. (*Reid* v. *Stegman*, 15 Abb. [N. C.] 422 ; *Collins* v. *Hydorn*, 135 N. Y. 320 ; *Landon* v. *Townshend*, 129 N. Y. 175 ; *Austin* v. *Munro*, 47 N. Y. 367 ; *Merritt* v. *Seaman*, 6 N. Y. 168 ; *Henshall* v. *Roberts*, 5 East, 154 ; *Farmers' Bank* v. *Crane*, 15 Abb. Pr. [N. S.] 434.) The plea of *res adjudicata* by motion after judgment was bad in law, and the judgment was not admissible thereunder. (*Wallace* v. *Metcalf*, 22 Abb. [N. C.] 73 ; *Goodwin* v. *Griffis*, 88 N. Y. 639 ; *Bergman* v. *Noble*, 45 Hun, 137 ; *Devlin's Case*, 5 Abb. Pr. 280 ; *People* v. *Willett*, 26 Barb. 80 ; *People* v. *Kelly*, 35 Barb. 449 ; *Bracket* v. *Eastman*, 17 Wend. 32 ; *Corwin* v. *Freeland*, 6 N. Y. 560 ; *Brownsville* v. *Loague*, 129 U. S. 505 ; *Wisconsin* v. *P. Ins. Co.*, 127 U. S. 292 ; *Riggs* v. *Pursell*, 74 N. Y. 378 ; *Spelman* v. *Terry*, 74 N. Y. 451 ; *Howell* v. *Mills*, 53 N. Y. 334 ; *Blank* v. *Blank*, 107 N. Y. 95 ; *Stahl* v. *Stahl*, 36 N. Y. S. R. 230 ; *Hill* v. *Hermans*, 59 N. Y. 396 ; *Dunckel* v. *Wiles*, 11 N. Y. 426.) The proof that plaintiff did not seek to retain the fund for himself, but offered to pay it over to the United States, as an incident to the defense of the suit by the government, was admissible. (*Voltz* v. *Blackmar*, 64 N. Y. 445 ; *Duberly* v.

*Gunning*, 4 T. R. 658.) Assuming everything else in defendants' favor, yet the execution was fully satisfied in 1887, and the subsequent arrest under the writ complained of was an undefended trespass. (*Dunham* v. *Reilly*, 110 N. Y. 366; *Spencer* v. *Cuyler*, 9 Abb. Pr. 383; *Browning* v. *Hanford*, 5 Den. 586; *Fitch* v. *Devlin*, 15 Barb. 48; Code Civ. Pro. §§ 111, 184, subd. 4, 613; *Bond* v. *Willett*, 31 N. Y. 102; *Kinnie* v. *Whitford*, 17 Johns. 34; *Freeman* v. *Dawson*, 110 U. S. 270; *Boyle* v. *Zacherie*, 6 Pet. 659; *Hodgman* v. *Barker*, 43 N. Y. S. R. 797; *Loeb* v. *Willis*, 100 N. Y. 235; *Nickerson* v. *Ruger*, 76 N. Y. 283; *Sharp* v. *Caswell*, 6 Con. 68; *Bracket* v. *Eastman*, 17 Wend. 33; *Corwin* v. *Freeland*, 6 N. Y. 566; *Elwood* v. *Gardner*, 45 N. Y. 355; *Board Water Comrs.* v. *Lansing*, 45 N. Y. 21; *Warne* v. *Constant*, 4 Johns. 32.) The case was improperly taken from the jury. (*Sheridan* v. *B. C. & N. R. R. Co.*, 36 N. Y. 39; *Clemence* v. *City of Auburn*, 66 N. Y. 338.) There was no foundation for the direction of a verdict for defendants. (*Briggs* v. *Waldron*, 83 N. Y. 586.)

*William V. Rowe* and *Treadwell Cleveland* for respondents. There was no question of fact reviewable on the appeal to the General Term, and, *a fortiori*, no such question can be presented to this court. (*Momeyer* v. *N. J., etc., Co.*, 49 N. Y. S. R. 414; *Aldridge* v. *Aldridge*, 120 N. Y. 614; *Boughton* v. *Smith*, 51 N. Y. S. R. 316.) None of the plaintiff's objections to the validity of the execution against his person, under which he was arrested, is well founded. (*Sherman* v. *Grinnell*, 70 Hun, 354; 144 U. S. 198; *Aubery* v. *Fiske*, 36 N. Y. 47; *C. E. Bank* v. *F. N. Bank*, 118 N. Y. 443; *Southwick* v. *Southwick*, 49 N. Y. 510; *Schultz* v. *T. Ave. R. R. Co.*, 17 Wkly. Dig. 207; *People ex rel.* v. *Livingston*, 6 Wend. 526; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y. 177; *Matter of Davis*, 149 N. Y. 539; *Bartlett* v. *Sartorius*, 25 N. Y. S. R. 629; *Harland* v. *Howard*, 32 N. Y. S. R. 872.) The order of February 13, 1889, was *res adjudicata* as to these various contentions of the plaintiff, notwithstand-

ing it was a decision on a motion. This is also true of the other orders and papers received in evidence on the issue of *res adjudicata*, all of which were properly admitted. (*Demarest* v. *Darg*, 32 N. Y. 281; *Matter of Livingston*, 34 N. Y. 555; *Riggs* v. *Pursell*, 74 N. Y. 370; *Gibson* v. *N. D. Bank*, 98 N. Y. 87; *Greenwood* v. *Marvin*, 111 N. Y. 423; *Mahr* v. *N. U. F. Ins. Co.*, 127 N. Y. 453; *Culross* v. *Gibbons*, 130 N. Y. 447.) A verdict for the defendants was properly directed. It does not appear, however, that all of the evidence is in the record, and that circumstance necessarily precludes a review of the decision below. (Code Civ. Pro. §§ 111, 549; *McLaughlin* v. *Miller*, 124 N. Y. 510; *U. S.* v. *Ross*, 92 U. S. 281; *Wood* v. *Terry*, 4 Lans. 80; 19 Am. & Eng. Ency. of Law, 42, 43, 44; *Eads* v. *Wynne*, 79 Hun, 463.)

BARTLETT, J. The plaintiff seeks to recover damages for alleged false imprisonment under an execution against the person. The plaintiff is an attorney and counselor at law, residing in the city of New York, and the defendants Grinnell and Bowdoin are the executors of the will of the late Moses H. Grinnell, formerly collector of the port of New York, although they are sued individually in this action.

The executors of Mr. Grinnell in 1883 made the plaintiff their attorney to collect from the United States government certain money due the testator from fines and penalties under provisions of law when collector of the port of New York; the plaintiff in pursuance of such employment in May, 1885, received for the executors from the United States government the sum of $1,778.95.

In June, 1885, the executors demanded payment by the plaintiff of this sum, less his fees, but it was refused.

In October, 1885, the executors began suit against the plaintiff in the City Court of New York for the money so collected, and in November, 1886, recovered judgment therefor.

In the proceedings to enforce this judgment the defendant Cleveland, one of the plaintiff's attorneys in the City Court

action, and Hardon, one of their assistants, acted for and on behalf of plaintiff's attorneys.

An execution against the property having been returned unsatisfied, an execution against the person was issued April 6th, 1887.

On February 15th, 1889, a second execution against the person was issued, and it is upon the alleged arrest thereunder that the present action for false imprisonment is based.

The plaintiff here (defendant in City Court action) urges several reasons why the City Court judgment was not enforceable and why his arrest was illegal.

They may be generally stated: (1) That the original cause of action is upon its face against public policy for the reason that the moneys paid to plaintiff by the duly constituted authorities of the United States government was in violation of a Federal statute, and that plaintiff could not lawfully pay them over to his clients; (2) that the judgment of the City Court, assuming it to be regular, did not authorize the issuing of an execution against the person; (3) that the right to issue the second body execution had been waived by the contract of November, 1888; (4) that the right to arrest was exhausted under the first execution.

These various grounds will be considered.

No question is presented to this court as to the cause of action in the City Court being on its face against public policy as in violation of a Federal statute. The judgment entered in that action was affirmed by the General Term of the City Court and the General Term of the Court of Common Pleas for the city and county of New York. The case was then taken to the Supreme Court of the United States, where the writ of error was dismissed on the ground that there was no Federal question involved.

Speaking of plaintiff's position, Chief Justice FULLER, of the Supreme Court, said, referring to the City Court: " The court simply decided that he could not deny his clients' title after having collected the money for them, and he assigned as error that the court had held that he was so estopped. The ground

upon which the judgment rested was broad enough to sustain it without deciding any Federal question, if there were any in the case." (*Sherman* v. *Grinnell*, 144 U. S. 198.)

On this appeal we must treat the City Court judgment as regular.

The first question presented is whether the judgment authorizes the issuing of a body execution, and if so, was the granting of an order of arrest a condition precedent thereto.

The complaint in the City Court action very clearly charges plaintiff with conversion of money collected for his clients, the plaintiffs in that case, and the court, after finding all the facts, holds, as a conclusion of law, that the defendant converted the money. The first body execution was not issued until April, 1887. At that time section 549 of the Code of Civil Procedure had been amended by chapter 672, Laws of 1886, so as to read as it now stands.

This section provides that a defendant may be arrested in an action to " recover for money received, or to recover property or damages for the conversion or misapplication of property, where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently mis-applied  *  *  *  by an attorney,  *  *  *  or by an agent, broker, or other person in a fiduciary capacity."

Section 1487 of the Code, subdivision one, provides for an execution against the person " where the plaintiff's right to arrest the defendant depends upon the nature of the action."

In such a case the granting of an order of arrest before execution issued is not necessary. (Code Civ. Pro. § 1487, subd. 2.)

It follows that the first body execution under the judgment was regular. The other objections to the efforts made to enforce the City Court judgment may be considered in deter-mining the regularity of the second body execution issued February 15, 1889.

The plaintiff insists that the right to issue this execution was waived by a certain contract entered into in November, 1888, between the parties to the City Court action and

others.   There are two answers to this suggestion — the contract contains no provisions upon which such a contention can be based and the City Court has by order refused to vacate this execution.

The plaintiff further insists that the right to issue this execution did not exist, as the power to arrest was exhausted under the first body execution.

The plaintiff maintains that he was arrested under the first body execution, remained on the jail limits six months and was then discharged by virtue of section 111 of the Code.

If this is established the second body execution was clearly irregular.   The learned trial judge held that the plaintiff had failed to prove these facts.

The plaintiff argued in the case at bar, when opposing a motion made by defendants for a directed verdict, that he having shown an arrest under the first execution, the presumption was that he remained on the limits and was duly discharged at the end of six months.

Assuming, what is controverted, that the formal arrest under the first execution was established, yet it was proved by defendants that on the same day the defendant in the execution procured an order to show cause why it should not be set aside and staying the proceeding of the plaintiff and the sheriff.   The motion to set aside the execution was denied, but the sheriff rested under the stay through inadvertence until January 15th, 1889.

Under these circumstances and in view of the fact that neither the plaintiff, nor the deputy sheriff having the execution in charge, were sworn, the trial judge was justified in holding that plaintiff had failed to sustain the burden of proof under which he rested.

On January 3d, 1889, the plaintiff, having reason to anticipate a second body execution, obtained an order to show cause why the issuance thereof should not be restrained upon various grounds therein stated.

This motion was duly heard and denied and thereupon the second body execution issued.

It thus appears that both executions against the person have been declared regular by the court having jurisdiction, and those orders, upon this appeal, are binding on the plaintiff. (*Culross* v. *Gibbons*, 130 N. Y. 447.)

Nevertheless we have examined the position of the plaintiff as to both executions on the merits.

There are other points discussed which we have considered but find no reversible error.

The judgment appealed from should be affirmed, with costs. All concur.

Judgment affirmed.