A. David Benjamin, J.
This is a motion to vacate an execution against the person of the defendant now in the hands of the Sheriff and issued ex parte. The movant also seeks all adjudication that a body execution will not lie in this action nor upon the judgment rendered herein.
In 1939 plaintiffs instituted an action against defendant for fraud and deceit, charging that some time prior to 1933 defendant induced plaintiffs to part with a total of $23,900 for which plaintiffs received worthless bonds and mortgages on real property. In addition to charging numerous acts of fraud, the complaint in that action set forth allegations of a breach, of the defendant’s fiduciary relationship as attorney for the plaintiffs. The defense consisted of a general denial and an affirmative defense pleading the Statute of Limitations. After a trial before Mr. Justice Brennan in June, 1941 judgment was rendered for defendant dismissing the complaint on the ground that the several causes of action were barred by the Statute of Limitations,
Thereafter in 1941 plaintiffs instituted a second action culminating in a judgment for plaintiffs entered on February 20, 1942, which judgment is the basis for the present motion. Since 1942 plaintiffs have obtained three body executions against the defendant and on each occasion the proceedings have been discontinued and the orders of arrest withdrawn upon stipulations entered into between the parties requiring the defendant to make certain weekly payments on the judgment. It appears that the successive applications for the arrest of *1084 the defendant were motivated by the failure of the latter to make timely payments as stipulated. Not until the issuance of the existing order of arrest, which is the fourth, has the defendant taken any measures to attack its validity. He now seeks a juridical determination of its legality.
The right to an order of arrest against the person of the defendant in a civil action is created, defined and regulated by statute. The Civil Practice Act in section 504 provides that “ a final judgment may be enforced by execution: 1. Where it is for a sum of money ” and by section 764 provides that “ an execution against the person of a judgment debtor may be issued * * * in a case where the judgment can be enforced by execution, as prescribed by section five hundred and four of this act, and where the plaintiff’s right to arrest the defendant depends upon the nature of the action.” (Italics supplied.)
Section 826 of the Civil Practice Act, insofar as it is pertinent, provides:
‘ ‘ Right to arrest depending upon the nature of the action. A defendant may be arrested in an action, as provided in this and the next article, where the action is brought for either of the following causes:
At. tF *JF
“4. To recover damages for misconduct or neglect in office, or in a professional employment.
“5. To recover damages for fraud, or deceit.
* * *
“7. To recover for money received, or to recover property or damages for the conversion or misapplication of property, where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently misapplied by * * # an attorney, * * * or other person in a fiduciary capacity. Where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action-, and a judgment for the defendant is not a bar to a new action to recover the money or property” (emphasis supplied).
A study of the complaint on which this judgment was obtained reveals that the first cause of action therein is neither one to recover damages for fraud or deceit, nor one to recover damages for misconduct or neglect in office, or professional employment (as to the latter subd. see 7 Carmody on New York Practice, § 44). The first cause of action may, however, come within the purview of subdivision 7 of section 826 of the Civil Practice Act in that it alleges substantially that the money *1085 received was embezzled or fraudulently misapplied by an attorney.
It is important to bear in mind the requirement of subdivision 7 of section 826 that where such allegation is made the plaintiff cannot recover unless he proves the same on the trial of the action. As significantly stated in Carmody on New York Practico (Yol. 5, § 1684 p. 3884 et seq.): “ The facts constituting the wrong-doing, required to be alleged in the complaint and proven on the trial in such case, are a substantive part of the cause of action, and the plaintiff’s right to arrest the defendant depends upon the nature of the action, that is to say, upon the allegations of the complaint, so that the plaintiff is entitled to issue an execution against the person of the defendant in such case even though no order of arrest has been granted in the action. This requirement that the facts constituting the wrong-doing must be alleged in the complaint and proven on the trial, gives the defendant the benefit of a jury trial on what is usually the question of greatest practical importance in such cases, namely, whether a body execution should or should not issue.” (Citing cases, and see, also, footnotes 5, 6 and 7, p. 3884 et seq. which dispose of the arguments quoted in Wood v. Henry, 40 N. Y. 124 and Prouty v. Swift, 51 N. Y. 594 by the amendment of the statute in 1886 and now the law since the determination in the case of Sherman v. Grinnell, 159 N. Y. 50.)
In the case at bar there was no trial of the issue of wrongdoing. If, after a trial or inquest, there had been an adjudication in favor of the plaintiffs with respect to the alleged embezzlement by the defendant attorney then concededly an execution against the person would be proper. However, the judgment granted herein was upon a motion for summary judgment, the defendant admitting that he was indebted to the plaintiffs for moneys had and received.
In granting the motion for summary judgment it must be assumed that the court construed the complaint and the gravamen of the action as one ex contractu for money had and received and counsel for plaintiffs concedes that the action was based on a contractual relationship.
Only on that basis was plaintiff entitled to summary judgment. Section 826 of the Civil Practice Act does not admit of summary judgment (Collins v. Toombs, 271 App. Div. 160). In the Collins case (supra) judgment was rendered for plaintiff on a motion for summary judgment and thereafter an application made, ex parte, for the issuance of a body execution, which application was granted. The complaint in that action alleged fraud in inducing the sale of merchandise and the body *1086 execution was granted by reason of the allegations of fraud. There the defendant moved to set aside the body execution and to open his default on the motion for summary judgment, and when this motion was denied, appealed. The Appellate Division refused to open defendant’s default but reversed the order for the body execution and said (p. 161): “ We think, under the circumstances disclosed, that the order for a body execution was improperly granted.
‘ ‘ An execution against a person may be issued in a case where a judgment can be enforced by execution, as prescribed by section 504 of the Civil Practice Act, and where the plaintiff’s right to arrest the defendant depends upon the nature of the action. (Civ. Prac. Act, § 764.) If the action here is deemed one for fraud plaintiff would have been entitled to an order of arrest but he would not have been entitled to a summary judgment under rule 113 of the Buies of Civil Practice, for that rule does not embrace actions for fraud. On the other hand if the action is held to be on contract, with an allegation of fraud, the plaintiff would have been entitled to recover on the theory of fraud, and to an order of arrest, only when he proved fraud on the trial of the action. (Civ. Prac. Act, § 826, subd. 9.) A summary proceeding is not a trial but merely a proceeding to determine if there are triable issues of fact that require a trial. Under either theory or rule of practice the order for a body execution was improper in this case.
“ The order appealed from, insofar as it denies defendant’s application to open his default on the motion for summary judgment, is affirmed, and said judgment may stand as one on contract; the order insofar as it denies the application to set; aside the body execution issued against defendant is reversed,, and the execution vacated and set aside. No costs to either party.” (Cf. Franklin v. Muckley, 189 Misc. 155.)
Accordingly, this court may not issue an execution against; the person of the defendant herein.
This is so notwithstanding the claim of plaintiffs that after the issuance of each of the first three orders for the arrest of the defendant, the latter stipulated to waive any legal objections to the granting or issuance of such an arrest order and expressly agreed not to contest the validity thereof. Parties may not confer jurisdiction by stipulation nor may estoppel or acquiescence “ serve to confer jurisdiction where jurisdiction did not exist.” (Kingston v. Kingston, 283 App. Div. 355, 357; see “ Stipulations and Their Enforcement”, N. Y. L. 3., Aug. 2, 1954, p. 4, cols. 1, 2.)
The motion is granted in all respects. Settle order.