■ LOUIS GREISS, Appellant, v. SAMUEL FELDMAN, Respondent.— In an action brought in the Supreme Court, Nassau County, wherein plaintiff had been awarded summary judgment on his second cause of action sounding in conversion, plaintiff appeals from an order of the Supreme Court, Westchester County, entered August 21, 1962, granting defendant's motion to vacate an ex parte order of said court, dated June 14, 1962, which had directed the issuance of an execution against the person of the defendant. Order affirmed, without costs. Plaintiff's motion for summary judgment, made at Special Term in Nassau County, had also requested a body execution against the defendant's person. The decision of such Special Term, while granting summary judgment, denied plaintiff's request for a body execution on the ground that such relief "may only be granted after an actual trial (§§ 764, 826[7], Civil Practice Act; *Macedonia* v. *Fontanelli*, 12 Misc 2d 1082)." A decretal paragraph in the order entered on the decision denied plaintiff's application for a body execution. In our opinion, that decretal paragraph constitutes the law of the case unless and until the order, on appropriate motion, be resettled or modified with respect to the body execution. Under the circumstances, a Justice of co-ordinate jurisdiction, sitting in Westchester County, was without power to change the order or to make a contrary direction. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of R. DI NAPOLI & SONS, INC., et al., Appellants, v. BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT No. 12 et al., Respondents. — In a proceeding under article 78 of the Civil Practice Act: (a) to annul a determination of the respondent Board of Education, made August 23, 1962, which awarded a contract for electrical work in certain schools to the respondent Geeco Electric Construction Corp.; and (b) to direct that such contract be awarded to petitioners, the petitioners appeal from the following two orders of the Supreme Court, Nassau County, both dated October 1, 1962: (1) an order, which dismissed their petition, and (2) an order which denied their motion to stay the respondents from performing said contract and from executing additional contracts until the determination of this proceeding. Orders reversed on the law and the facts, without costs; motion for the stay, pending the determination of this proceeding, granted; and proceeding remitted to the Special Term for the purpose of a nonjury trial, in accordance with section 1295 of the Civil Practice Act, with respect to the issue of whether the action of the Board of Education in rejecting the bid of the lowest bidder was arbitrary and capricious. That issue cannot be determined on the basis of affidavits containing general charges, which upon a trial may be conclusively shown to be without substance. We do not regard the claims with respect to attempted extortion as material. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.